978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark BERNDT, Plaintiff-Appellant,
v.
Ernest A. JACOBI, Chief of Police, Defendant-Appellee.
 No. 92-1004.
 United States Court of Appeals, Seventh Circuit.
 Argued July 8, 1992.
Decided Oct. 30, 1992.
Rehearing and Rehearing En Banc
Denied Dec. 30, 1992.
 
 Before CUMMINGS, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Mark Berndt, an Evanston police officer, was taking a coffee break when an unidentified man approached him and tried to surrender. Berndt did not know the man, nor did he know whether the man had committed a crime. For these reasons, Berndt refused to arrest him. Persisting, the man went to the police station and surrendered himself there, complaining of Berndt's refusal to arrest him earlier. As it turned out, there was an outstanding warrant for the man's arrest, and Berndt was subsequently disciplined for not arresting him earlier.
 
 
 2
 In light of that discipline, Berndt and the police officers' union sued the city of Evanston for promoting a policy of unconstitutional arrests. After that lawsuit was filed, Berndt was disciplined again for a different incident. Berndt believed that the second disciplinary proceeding to be in retaliation for the pending lawsuit. This belief led Berndt to file the suit before us now, a 42 U.S.C. § 1983 action for government infringement of Berndt's First Amendment right to sue, as well as the right to speak-out against alleged government misdeeds. The district court dismissed Berndt's lawsuit for failing to show that his "speech" warranted First Amendment protection, stating that it presented an employer-employee dispute, not systemic misconduct.
 
 
 3
 Berndt makes two arguments on appeal. First, that police officers are denied the same right of access to the courts as is enjoyed by prisoners. This issue was not argued below, and is therefore waived. Heller v. Equitable Life Assurance Society of the United States, 833 F.2d 1253, 1261 (7th Cir.1987). Berndt's next argument in his brief, and the only one remaining for appeal, is that the first lawsuit was a matter of public concern, and therefore is protected by the First Amendment.
 
 
 4
 When a government employee speaks out, as an employee, about matters of public concern, that speech will be protected by the First Amendment. A primary purpose of the First Amendment is to protect speech on public issues. Nevertheless, free speech rights belonging to the government employee will be balanced against the concerns that the government agency be able to efficiently fulfill its public services. Connick v. Myers, 461 U.S. 138 (1983), citing Pickering v. Board of Education, 391 U.S. 563 (1968). To determine if the speech raises a matter of public concern, the court considers the content, form, and context, as revealed by the entire record. This is a question of law that we review de novo. Connick, 461 U.S. at 146-48.
 
 
 5
 In Yatvin v. Madison Metropolitan School District, 840 F.2d 412, 419 (7th Cir.1988), the plaintiff was a public school principal arguing that she was denied a promotion in retaliation for an earlier sexual harassment complaint she lodged against her employer. She sought Section 1983 redress for alleged violations of her First Amendment rights. We acknowledged that the subject matter of that litigation--sexual harassment--presented a matter of public concern. Upon closer scrutiny, however, we determined that Yatvin's case was simply an employer-employee dispute. Although an alleged police policy of stops and arrest without probable cause could raise a matter of public concern, Berndt's alleged facts did not appear to reflect that situation. Counsel conceded that the specific facts of the first lawsuit did not present a matter of public concern. Instead, he argued that the lawsuit itself and the fact that a lawsuit was filed presented a matter of public concern, regardless of the legal or factual content.
 
 
 6
 This court has considered the question, and determined that not every lawsuit, just by virtue of its existence, presents a matter of public concern. Yatvin, 840 F.2d at 419; Auriemma v. Rice, 910 F.2d 1449, 1460 (7th Cir.1990) (en banc ), cert. denied 111 S.Ct. 2796 (1991). Berndt argues that we should reconsider this decision for policy reasons. First Amendment protection for all lawsuits, Berndt argues, protects the right of access to the courts. Right of access advances important theories and protects citizens' rights to seek redress for their grievances. We stated in Yatvin that not all litigation seeks to advance political or other ideas, and whether private or public objectives are sought, not all lawsuits raise matters worthy of First Amendment protection. Therefore, First Amendment protection may be available in some cases, but not in all. Yatvin, 840 F.2d at 419; Callaway v. Hafeman, 832 F.2d 414, 417 (7th Cir.1987). This is a run-of-the-mine single-plaintiff lawsuit that does not seek pervasive or systemic relief, nor does it call to the public attention allegedly unlawful practices by the city of Evanston. See Yatvin, 840 F.2d at 419. Berndt's original suit expressed a personal complaint about internal department procedures--a complaint he now acknowledges was not one of public concern. The First Amendment does not protect Berndt against purported retaliation for filing this lawsuit. He will need to find relief under a state law claim or some other grievance procedure.
 
 
 7
 For the foregoing reasons, the district court decision is AFFIRMED.